# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff**<br><br>v.<br><br>**COAST WOOD PRESERVING, INC.,**<br><br>**Defendant** | CASE No. 1:17-CV-1720 AWI SAB<br><br>**ORDER GRANTING JOINT MOTION TO CONSOLIDATE, CONSOLIDATING MATTERS FOR ALL PURPOSES, and ADMINISTRATIVELY CLOSING CASE**<br><br>(Doc. No. 5) |

 The parties in this matter have filed a joint motion to consolidate this case with the related case of *State of California v. Coast Wood Preserving, Inc., et al.*, 1:96-CV-6055 AWI SAB.

 Federal Rule of Civil Procedure 42(a) provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." A district court has broad discretion to determine whether and to what extent consolidation is appropriate. See Garity v. APWU Nat'l Labor Org., 828 F.3d 848, 855-56 Investors Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal., 877 F.2d 777, 777 (9th Cir. 1989). In deciding whether to consolidate, a court should balance the interest of judicial convenience against "any inconvenience, delay, or expense that it would cause." Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984); Single Chip Sys. Corp. v. Intermec IP Corp., 495 F.Supp.2d 1052, 1057 (S.D. Cal. 2007). "[T]he law is clear that an act of consolidation does not affect any of the substantive rights of the parties." J.G. Link & Co. v. Continental Cas. Co., 470 F.2d 1133, 1138 (9th Cir. 1972); see also Schnabel v. Lui, 302 F.3d 1023, 1034-35 (9th Cir. 2002).

The Court finds that consolidation for all purposes will aid both judicial and party efficiency and that consolidation will not cause delay, confusion, or prejudice. The motion to consolidate is a joint unopposed motion. Both cases involve environmental damage allegedly caused by Defendant as part of its industrial activities, and the Plaintiffs in both cases are governmental entities seeking to clean up the environmental damage. Moreover, a consent decree has been tentatively agreed to by all parties that provides for the final clean-up of the environmental damage. The parties indicate that having the consent decree signed in one case will expedite matters. Under these circumstances, consolidating and merging these cases into one case would be efficient. See Davis v. Roane Cnty., 2014 U.S. Dist. LEXIS 164309 *6-*7 (E.D. Tenn. Nov. 21, 2014); Intertex, Inc. v. Dri-Eaz Prods., 2013 U.S. Dist. LEXIS 82917, *9-*11 (W.D. Wash. June 11, 2013); Bejarano v. Allison, 2011 U.S. Dist.LEXIS 96459, *2-*3 (E.D. Cal. Apr. 29, 2011). Therefore, the Court will order that this case be consolidated and merged with *State of California v. Coast Wood Preserving, Inc.* for all purposes, and will administratively close this case.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to consolidate (Doc. No. 5) is GRANTED;
2. The Clerk shall consolidate *United States v. Coast Wood Preserving, Inc.*, 1:17-cv-1720 AWI SAB with *State of California v. Coast Wood Preserving, Inc., et al.,* 1:96-cv-6055 AWI SAB for all purposes;
3. All future filings and correspondences shall use case number 1:96-cv-6055 AWI SAB;
4. The Clerk shall administratively close this case, *United States v. Coast Wood Preserving, Inc.*, 1:17-cv-1720 AWI SAB;[1] and
5. The Clerk shall file a copy of this order in Case No. 1: 96-cv-6055 AWI SAB .

IT IS SO ORDERED.

Dated:   January 8, 2018                           _____
                                                                          SENIOR DISTRICT JUDGE

---

[1] The Court clarifies that administratively closing this case has no impact whatsoever on the merits of the case.

2