# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THE STATE OF CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL, et al.,**<br><br>Plaintiff<br><br>v.<br><br>**COAST WOOD PRESERVING, INC., et al.,**<br><br>**Defendants** | **CASE NO. 1:96-CV-6055 AWI SAB**<br><br>**ORDER VACATING HEARING AND ORDER ON MOTION TO APPROVE CONSENT DECREE**<br><br>(Doc. No. 70) |

This is an environmental contamination case concerning the contamination of a wood treatment operation located in Ukiah, California ("the Site"). Currently before the Court is Plaintiffs' unopposed motion for entry of a consent decree. Hearing on this motion is set for April 2, 2018. Because the matter is uncontested, the Court will vacate the April 2, 2018 hearing and issue this order, which resolves Plaintiffs' motion.

*Background*

From a prior consent decree (Doc. No. 64), Defendant Coast Wood Preserving, Inc. ("CWP") owned and operated a wood treatment facility in Ukiah. As part of that operation, CWP used and disposed of hazardous substances (including hexavalent aluminum, copper, and arsenic), which caused the Site to become contaminated. The Site is a CERCLA Superfund Site. In 1996, the California Department of Toxic Substances Control ("DTSC") filed this lawsuit against CWP and others in order to remediate the site. In 2017, the United States Environmental Protection Agency ("EPA") filed a complaint relating to the site. The 2017 case by the United States was

consolidated and merged into this case and then administratively closed. See Doc. No. 69. A remedial action plan has been selected for the property, and CWP has implemented a number of remedial actions. The remaining work necessary to effectuate remediation, as well as to compensate DTSC and the EPA for their future response costs, is the subject of the proposed consent decree.

### *Relevant Terms Of The Consent Decree*

Plaintiffs represent that CWP has conducted extensive soil and groundwater cleanup at the Site to date. Under the proposed consent decree, CWP will be required to remove contaminated soil following the cessation of the wood treatment business operations at the Site, and conduct an assessment and implementation of any necessary institutional and engineering controls, including paving soil remediation areas if necessary, and continued groundwater sampling and management until cleanup standards are met. CWP is also obligated to grant EPA and DTSC access to the site, seek access agreements and land and water use restrictions from non-party landowners (if needed as determined by Plaintiffs), pay $57,450.38 of past EPA response costs, and pay future response costs by DTSC and EPA. Plaintiffs have agreed not to bring suit under § 106 and § 107(a) of CERCLA and § 7003 of RCRA against either CWP or individual defendants (who were shareholders, project coordinators, owners, operators, and/or employees of CWP) in an effort to provide an incentive to transfer ownership of CWP's property/business so that new ownership will be willing and able to carry out CWP's obligations under the consent decree. The new consent decree is to supersede and replace the prior 2006 consent decree in this case.

### *Plaintiff's Motion*

Plaintiffs argue that the consent decree should be approved and signed by the Court. The decree is substantively and procedurally fair, reasonable, and consistent with the goals of CERCLA and the public interest. Further, public comment on the consent decree was solicited by EPA and DTSC and no comments were received.

### *Legal Standard*

In order to approve a consent decree under CERCLA, a district court must conclude that the agreement is procedurally and substantively fair, reasonable, and consistent with CERCLA's

objectives. United States v. Coeur D'Alenes Co., 767 F.3d 873, 876 (9th Cir. 2014) (quoting United States v. Montrose Chem. Corp. of Cal., 50 F.3d 741, 748 (9th Cir. 1995)). Because "fair and reasonable" are comparative terms, courts must find that the agreement is based upon, and roughly correlates with, some acceptable measure of comparative fault, apportioning liability among the settling parties according to rational estimates of how much harm each party has done. Arizona v. City of Tucson, 761 F.3d 1005, 1012 (9th Cir. 2014); United States v. Cannons Eng'g Corp., 899 F.2d 79, 87 (1st Cir. 1990). District courts must gauge the adequacy of the settlement amounts by comparing the proportion of total projected costs to be paid by the settlors with the settlors' proportion of liability. Arizona, 761 F.3d at 1012. However, district courts are to refrain from second-guessing the Executive and to defer to the EPA's expertise," because "considerable weight [is] accorded to [a federal] executive department's construction of a statutory scheme it is entrusted to administer. . . ." Coeur D'Alenes Co., 767 F.3d at 876 (citation omitted).

*Discussion*

A review of the unopposed consent decree shows that it was negotiated between all parties with counsel, and nothing suggests procedural impropriety. It appears that substantial remediation efforts to both soil and groundwater have already been completed by CWP. Since CWP owned and operated the wood treating facility, and used and disposed of hazardous materials in such a way that the Site became contaminated, nothing appears unfair about requiring CWP to bear the remaining remediation costs. Also, the parties appear to recognize that it is in the public's interest to find a buyer for the property, thus the desirability of the covenants not to sue under CERCLA and RCRA. Finally, this is the fourth consent decree and it appears to be the final piece of the full remediation puzzle. It is in the public interest and clearly within the objectives of CERCLA to fully remediate contaminated land and groundwater. It is noteworthy that no public comments against the consent decree were lodged with either the DTSC or EPA. Given the above, the Court concludes that the consent decree is fair, reasonable, and consistent with CERCLA's objectives.

Because there is no reason apparent why Plaintiff's motion should not be granted, the consent decree will be will be approved. See Coeur D'Alenes Co., 767 F.3d at 876; Arizona, 761 F.3d at 1012; Cannons Eng'g, 899 F.2d at 86-90.

# **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The April 2, 2018 hearing is VACATED;
2. Plaintiff's motion to enter consent decree is GRANTED; and
3. By separate filing, the Court will sign the consent decree at Page 110 and have the entire signed consent decree entered on the record; and
4. Upon the filing of the consent decree, the Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated: March 1, 2018

SENIOR DISTRICT JUDGE